UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ROBERT F. WHITEAKER, an individual, SHAWNA R. WHITEAKER, an individual, DEBBIE DENTON, an individual, DANIEL E. DENTON, an individual, EDWARD G. DENTON, an individual, DAVE TEIXEIRA, an individual, SHARI VAN DERHEYDT, an individual,<br><br>   Plaintiffs,<br><br>   v.<br><br>PLACER COUNTY, PLACER COUNTY SHERIFF'S DEPARTMENT, OFFICER TRACY GRANT, OFFICER GOODPASTER, OFFICER KEVIN BESANA, OFFICER JEFF POTTER and DOES 1 to 50,<br><br>   Defendants.<br>_____/ | NO. CIV. 2:01-1214 WBS KJM<br><br><u>ORDER RE: MOTION TO DISMISS</u> |

----oo0oo----

On June 22, 2001, plaintiffs Robert F. Whiteaker, Shawna R. Whiteaker, Debbie Denton, Daniel E. Denton, Edward G. Denton, Dave Teixeira, and Shari Van Derheydt filed this action against Placer County, Placer County Sheriff's Department,

1

1 Officer Tracy Grant, Officer Goodpaster, Officer Kevin Besana,
2 and Officer Jeff Potter alleging federal claims pursuant to 42
3 U.S.C. §§ 1983, 1985, and 1986 and state law claims arising from
4 defendants' allegedly unlawful seizure of evidence during a
5 search.  On December 20, 2001, the court ordered the action
6 stayed, pursuant to the stipulation of the parties, "until the
7 conclusion of the pending federal prosecution" of Robert and
8 Shawna Whiteaker.  (Docket No. 17.)  In that Order, the court
9 instructed the parties to inform the court when the stay should
10 be lifted.
11          On March 27, 2007, the Ninth Circuit upheld the
12 district court's denial of the Whiteakers' motion to suppress
13 evidence seized during the search of their home.  (Huskey Decl.
14 in Supp. of Defs.' Mot. to Dismiss ("Huskey Decl.") ¶ 5, Ex. D
15 (Docket No. 24)); see also United States v. Whiteaker, 226 Fed.
16 App'x 708, 709 (9th Cir. 2007).  Robert F. Whiteaker had been
17 convicted by conditional guilty plea to manufacturing marijuana
18 in violation of 21 U.S.C. § 841(a)(1) and to possessing an
19 unregistered short-barreled shotgun in violation of 26 U.S.C. §
20 5861(d), and Shawna R. Whiteaker had been convicted by
21 conditional guilty plea to misprision of a felony in violation of
22 18 U.S.C. § 4.  Whiteaker, 226 Fed. App'x at 708-09.
23          On October 25, 2007, defendants' counsel wrote a letter
24 to plaintiffs' counsel of record William Panzer and Dennis
25 Roberts[1] inquiring whether they intended to dismiss or move to

---

[1] Roberts is not counsel of record.  It appears from defendants' counsel's letter to Panzer and Roberts that Roberts works at the same firm at which Panzer works.  (Huskey Decl. Ex.

2

1  lift the stay.  (Huskey Decl. ¶ 6, Ex. E.)  He received no
2  response.  (Id. ¶ 7.)  Defendants' counsel was contacted by Paul
3  Turley, an attorney who represented other marijuana-growing
4  plaintiffs against Placer County, but Turley did not know how to
5  proceed because he was not counsel of record and he asked
6  defendants' counsel to give him time to "figure things out."
7  (Id.)  Defendants' counsel wrote a second letter to Panzer,
8  Roberts, and Turley on May 15, 2009, noting that a year and a
9  half had passed since the conversation with Turley and without
10 action from plaintiffs.  (Id. ¶ 8.)  He received no response.
11 (Id. ¶ 9.)

12          Defendants recently moved to vacate the Order staying
13 the civil action, to which plaintiffs filed no opposition or
14 statement of non-opposition.  (Docket No. 21.)  Because the
15 prosecution of the Whiteakers had concluded, the court lifted the
16 stay on November 5, 2010.  (Docket No. 23.)  Defendants now move
17 to dismiss the action for lack of prosecution pursuant to Federal
18 Rule of Civil Procedure 41(b).  (Docket No. 24.)  Plaintiffs have
19 once again filed no opposition or statement of non-opposition,
20 and plaintiffs' counsel did not appear at the hearing on the
21 motion.

22          Federal Rule of Civil Procedure 41(b) permits a
23 defendant to move to dismiss a claim for failure to prosecute.
24 Dismissal, however, is a harsh penalty and is to be imposed only
25 in extreme circumstances.  Henderson v. Duncan, 779 F.2d 1421,
26 1423 (9th Cir. 1986).

---

28 E.)

3

> In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants[]; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

With regard to the first factor, "the public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This is particularly true in this case, where plaintiffs have undertaken no action in this court to lift the stay since the Whiteaker prosecution ended in 2007, to respond to defendants' motion to lift the stay, or to respond to the instant motion after the stay was lifted. See In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994) (plaintiff's failure to take any action for four years was "clearly unreasonable").

The second factor, managing the court's docket, also militates in favor of dismissal. See Yourish, 191 F.3d at 990 (recognizing court's need to control its own docket). This case began in 2001, and for the past three and a half years it has languished on the docket when it could have been active. The parties have submitted no evidence that the litigation will be resolved in the near future. See In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994).

The third factor, the risk of prejudice to defendants, generally requires that "a defendant . . . establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of

4

the case." Pagtalunan, 291 F.3d at 642.  Prejudice "usually takes two forms--loss of evidence and loss of memory by a witness." Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1281 (9th Cir. 1980).  "[W]here a plaintiff has come forth with an excuse for his delay that is anything but frivolous, the burden of production shifts to the defendant to show at least some actual prejudice." Id.  Here, plaintiffs have offered no explanation for their failure to inform the court of the need to lift the stay or to respond to the instant motion. Plaintiffs have had three and a half years to ask the court to lift the stay.  While plaintiffs had the chance to explain their reason for delay by responding to this motion, they failed to do so.  Still, defendants have not shown why any loss of memories would be more prejudicial to them than to plaintiffs.  See id. This factor thus weighs only slightly in favor of dismissal.

As to the fourth factor, the court can think of no less drastic measures.  Plaintiffs have not indicated that they retain any interest in prosecuting the case.  By failing to respond to the instant motion or appear at the hearing, they already demonstrated a lack of regard for the Local Rules.  See Local R. 230(c) (a non-movant shall file an opposition or a statement of non-opposition not less than fourteen days proceeding the hearing date); Local R. 230(i) (failure to appear at a hearing may be deemed a withdrawal of any opposition to the motion and may result in the imposition of sanctions).  The failure to follow a Local Rule is itself grounds for dismissal for failure to prosecute.  See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam); see also Local R. 110 ("Failure of counsel or of a

5

party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."). Imposing monetary sanctions actually seems to be a more drastic alternative, as it would punish plaintiffs for failure to pursue a case that they apparently have no interest in pursuing. As the court cannot find a suitable alternative to dismissal, this factor weighs in favor of dismissal.

The final factor, which favors disposition of cases on the merits, generally weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal."). However, part of the suit was already adjudicated on the merits in the related criminal prosecution. See Whiteaker, 226 Fed. App'x at 709 (affirming the denial of the Whiteakers' motion to suppress the evidence seized by defendants). While that decision certainly did not decide the merits of all the issues in the instant case, it did narrow the field. Furthermore, decision on the merits is an possibility where plaintiffs have obviously abandoned their case. What is the court expected to do, summon and impanel a jury in plaintiffs' absence and wait for something to happen? The law does not require a farce. Thus, even this factor weighs in favor of dismissal.

In sum, the court concludes that all five of the relevant factors weigh in favor of granting defendants' motion and dismissing the action in its entirety. See Pagtalunan, 271 F.3d at 643 (affirming dismissal where three factors favored

1 dismissal and two factors weighed against dismissal).
2          IT IS THEREFORE ORDERED that defendants' motion to
3 dismiss for failure to prosecute be, and hereby is, GRANTED.  The
4 Clerk shall close the file and terminate all pending matters and
5 deadlines.
6 DATED:  December 21, 2010

           _____
           WILLIAM B. SHUBB
           UNITED STATES DISTRICT JUDGE